47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John HILL, Jr., Plaintiff-Appellant,
v.
Reginald A. WILKINSON, Director of Department of
Corrections; Margarette T. Ghee, Chairperson Ohio Parole
Board; G. Andrews, Ohio Parole Board Hearing Officer; Connie
Upton, Ohio Parole Board Hearing Officer, Defendants-Appellees.
 No. 94-3455.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 1
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 
 ORDER
 
 2
 John Hill, Jr., a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Hill sued multiple Ohio parole board officers and the Director of the Ohio Department of Corrections contending that he was improperly denied parole. Hill did not allege in what capacity he sued the state defendants. Hill opposed defendants' motion to dismiss the complaint for failure to state a claim. The district court subsequently granted defendants' motion to dismiss.
 
 
 4
 In his timely appeal, Hill argues that Ohio's parole guidelines create a liberty interest in parole. Hill requests oral argument.
 
 
 5
 This court renders de novo review of an order dismissing a complaint under Fed. R. Civ. P. 12(b)(6). Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The district court properly granted defendants' motion to dismiss because it appears beyond doubt that Hill can prove no set of facts which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 6
 Initially, we note that Hill failed to state in what capacity he sued the state defendants. Consequently, the defendants are deemed to be sued in their official capacities, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir. 1989), and are, therefore, not subject to suit for monetary damages under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n.10 (1989).
 
 
 7
 Hill is not entitled to parole. Ohio's parole statute, Ohio Rev. Code Sec. 2967.03, does not create a liberty interest in parole. Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235 (6th Cir. 1991). Further, Hill's contention that Ohio's guidelines create a liberty interest in parole is meritless. The guidelines do not use mandatory language creating a constitutionally protected liberty interest. Although there are certain limitations on the parole board's ability to grant parole, the limitations do not detract from the board's broad discretion in denying parole. Inmates, 929 F.2d at 236. This broad discretion simply does not create a liberty interest in parole. Id. Hill's argument is meritless.
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation